UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL CLEMENTS,

      Plaintiff,

v.                         Case No. 8:15-cv-2781-T-33EAJ

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH
PENNSYLVANIA,

      Defendant.
_____/

**ORDER**

This cause comes before the Court sua sponte (Doc. # 9), and upon consideration of Plaintiff Michael Clements' Motion to Remand filed on December 9, 2015. (Doc. # 10). Defendant National Union Fire Insurance Company of Pittsburgh Pennsylvania filed a response to both on December 16, 2015. (Doc. # 11). For the reasons that follow, this case is remanded to the Sixth Judicial Circuit, in and for Pasco County, Florida.

**Discussion**

This action was removed to this Court from the Sixth Judicial Circuit, in and for Pasco County, Florida on December 3, 2015, on the basis of diversity jurisdiction. (Doc. # 1). When jurisdiction is premised upon diversity of citizenship,

1

28 U.S.C. § 1332(a) requires among other things that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The Complaint does not state a specified claim to damages. (Doc. # 2 at ¶ 1) (stating "[t]his is an action for damages that exceeds Fifteen Thousand ($15,000.00) Dollars, exclusive of costs and interest"). In its Notice of Removal (Doc. # 1), National Union relies on a pre-suit demand letter and the affidavit of its counsel as establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold. (Id. at ¶ 5). The affidavit, however, merely states in pertinent part that Clements' pre-suit demand letter "contains a specific dollar amount of damages sought by Mr. Clements, which is in excess of $75,000." (Doc. # 4 at ¶ 9).

2

Thereafter, on December 9, 2015, the Court entered an Order noting that it was not convinced the amount-in-controversy requirement has been satisfied. (Doc. # 9). In particular, the Court's December 9, 2015, Order noted that demand letters do not automatically establish the amount in controversy. (Id.) (citing Lamb v. State Farm Fire Mut. Auto. Ins. Co., No.3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)). Clements then filed his own Motion to Remand. (Doc. # 10). In response, National Union filed a response in opposition. (Doc. # 11).

National Union argues that the pre-suit demand letter, which demands payment of the policy's limits in the amount of $125,000.00, in combination with the attached email communications between counsel for Clements and National Union demonstrate that the amount in controversy exceeds $75,000.00. (Id. at 5). The Court disagrees. A review of the pre-suit demand letter shows the letter to be general in nature and mere puffery or posturing because it does not detail facts to support Clements' demand. In addition, the email communications between Clements' counsel and counsel for National Union show nothing more than that Clements'

3

counsel took an aggressive stance during negotiations. (Doc. # 11-2). To be sure, the emails do not discuss specific amounts claimed for particular injuries. (Id.).

In sum, the record does not show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. The Complaint alleges a nonspecific amount, the pre-suit demand letter is mere posturing because it does not provide details regarding expenses, and the email communications between counsel reflect only that Clements' counsel took an aggressive stance during negotiations to reach a settlement. As such, the Court determines National Union has not sufficiently demonstrated that the jurisdictional amount-in-controversy threshold has not been satisfied. Accordingly, this case is remanded to the Sixth Judicial Circuit, in and for Pasco County, Florida.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Michael Clements Motion to Remand (Doc. # 10) is **GRANTED.**

(2)   The Clerk is directed to **REMAND** this case to the Sixth Judicial Circuit, in and for Pasco County, Florida.

(3)   The Case Management Hearing set for December 23, 2015, is cancelled.

4

(4)   The Clerk is further directed to terminate any previously scheduled deadlines and hearings, and thereafter **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of December, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE